

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-87,027-01

**EX PARTE ANTHONY WAYNE NEAL, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14-138-CR-A IN THE 77TH DISTRICT COURT
### FROM FREESTONE COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to thirty years' imprisonment. It appears that he waived his right to appeal.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because counsel failed to perform an adequate pre-trial investigation, failed to interview witnesses,

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

failed to obtain videos and photographs of Applicant's truck, failed to object to or move to suppress empty liquor bottles that were introduced by the State, failed to obtain an explanation of why the bottles were empty, failed to inform Applicant of a motion to suppress that was filed but not ruled on prior to trial, failed to follow up on pre-trial motions, gave a State's witness advance notice of his intended cross-examination, and failed to alert the trial court when jurors were sleeping during trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 26, 2017
Do not publish